**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS GOMEZ-REGIN,

Defendant - Appellant.

No. 10-30151
10-30152

D.C. No. 1:09-cr-00089-EJL
D.C. No. 1:09-cr-00009-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jose Luis Gomez-Regin appeals from the 144-month sentence imposed

following his guilty-plea conviction for conspiracy to distribute methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and 846, and illegal reentry, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez-Regin contends the district court erred by applying a preponderance of the evidence standard rather than a clear and convincing evidence standard in determining whether he had an aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1(b). The three-level increase in offense level resulting from the district court's aggravating role determination is not "extremely disproportionate" and therefore does not warrant application of the clear and convincing evidence standard. *See United States v. Johansson*, 249 F.3d 848, 856 (9th Cir. 2001) (finding a four-level increase to be not extremely disproportionate).

To the extent that Gomez-Regin contends the district court erred by applying the adjustment for his role as a manager or supervisor, the district court did not clearly err in light of evidence that Gomez-Regin supplied methamphetamine to some of his co-conspirators, determined who performed particular duties, and financed the initial purchase of methamphetamine. *See United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000) (three-level adjustment was proper where defendant used others to help him sell drugs).

**AFFIRMED.**